JOE RANNEY, JR., APPELLEE, V. FRANK GARTNER, APPELLANT, LILLIAN GARTNER, ADMINISTRATRIX OF THE ESTATE OF FRANK GARTNER, DECEASED, SUBSTITUTE-APPELLANT.
175 N. W. 2d 83

Filed March 6, 1970. No. 37381.

William H. Mecham, for appellant.

Garvey, Nye, Crawford, Kirchner & Moylan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action to recover from the cosigner of a promissory note. A verdict was directed for plaintiff and judgment entered accordingly. We affirm the judgment of the district court.

Bernard Etherington, who died subsequent to May 1965, borrowed money from plaintiff. Etherington was an employee of defendant. Defendant signed the note at Etherington's request. The note was for $1,597.20, with monthly payments of $66.55 accruing over a 2-year period. Plaintiff, who was in both the loan and insurance business, wrote a life and disability policy for

Etherington. It was a decreasing term policy providing that the amount of insurance would decrease each month by the amount of the installment due on the note. It contained a further proviso that during the 2-year term, "* * * the amount payable shall not be less than the amount necessary to discharge the indebtedness of the Insured Debtor." The policy expired April 19, 1965, 2 years from the date of the note.

Evidence regarding consummation of the transaction is conflicting. Defendant says Etherington brought the note to him, told him it would be insured, and he signed it. On the following day, defendant called plaintiff, inquired if the note was insured, and was told that it was. He made no inquiry as to the nature of the insurance.

Plaintiff's evidence is that defendant signed the note in plaintiff's office and was then given a full explanation of the insurance coverage.

Defendant asserts he was misled by plaintiff regarding the nature of the insurance coverage and that it was the duty of plaintiff to protect him by renewing the insurance.

We cannot accept either premise. The insurance was issued to Etherington, a transaction in which, according to defendant, he took no part. Defendant says he signed the note on being assured by Etherington that it would be insured. He did so without making inquiry either before or after he signed the note as to the nature of the insurance. According to his own testimony, no misrepresentations were made to him by plaintiff and he was not relying upon any specific factor other than Etherington's assurance that it would be insured.

If we accept plaintiff's version of the facts, it appears that defendant, at the time of signing the note, had full knowledge of the nature of the insurance policy issued and its limitations. In neither instance was he deceived nor can he place the additional burden of renewing the policy on plaintiff. In fact, the uncontradicted evidence

shows that on the expiration date of the policy, the loan was delinquent and the policy could not have been renewed. In any event, defendant took no steps for his own protection. Either he did not know and did not attempt to ascertain the nature of the insurance issued, or, if he did know about it, he did not attempt to secure a renewal or otherwise protect himself. We do not see, and defendant has failed to point out, wherein plaintiff was remiss in any obligation or duty owed to defendant.

No issue for the jury was presented. Indeed, no defense to plaintiff's cause of action is reflected in this record. "Where the facts adduced to sustain an issue are such that reasonable minds can draw but one conclusion therefrom, it is the duty of the court to decide the question, as a matter of law, rather than submit it to a jury for determination." Thomas v. Owens, 169 Neb. 369, 99 N. W. 2d 605.

The judgment of the district court is affirmed.

AFFIRMED.